UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JOHN MICHAEL VAZQUEZ<br>UNITED STATES DISTRICT<br>JUDGE | FRANK R. LAUTENBERG<br>POST OFFICE AND<br>COURTHOUSE<br>2 FEDERAL SQUARE,<br>ROOM 417<br>NEWARK, NJ 07102<br>973-297-4851 |

June 7, 2016

VIA ECF and Certified Mail R/R/R to Plaintiff

## LETTER OPINION AND ORDER

Re:   Saman Khoury v. Carolyn W. Colvin, Acting Commissioner of Social Security[1]
      Civil Action No. 15-7286

Dear Litigants:

*Pro se* plaintiff[2] Saman Khoury ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Commissioner"), which determined that the Social Security Administration (the "Administration") was the proper agency to collect overpayments made to Plaintiff. The parties do not dispute the facts in this matter. During the relevant time frame, Plaintiff received both federal workers' compensation benefits and social security disability benefits, resulting in an overpayment of monies to Plaintiff, which he concedes. The sole issue in this case is a legal one, that is, whether the Social Security Administration is the correct federal agency to recover the overpayments. For the reasons that follow, the Court affirms the Commissioner's decision.

Plaintiff was a civilian employee with the United States Army. In October 2008, Plaintiff suffered an injury and thereafter began receiving workers' compensation benefits through the United States Department of Labor ("DOL"), Office of Workers' Compensation Programs ("OWCP"), Division of Federal Employees' Compensation. The benefits are authorized pursuant

---

[1] In his complaint, Plaintiff also named as defendant Thomas Edward Perez, the Secretary for the U.S. Department of Labor ("DOL"). D.E. 1. This matter concerns an appeal from the Social Security Administration and DOL was not a party to the proceedings below. The Secretary of DOL is not a proper party in this action though he was named in the complaint.

[2] The Administrative Law Judge advised Plaintiff of his right to counsel. D.E. 12-1 at 128-29. Plaintiff indicated that he was fully aware of his rights and wanted to represent himself. *Id.* at 129.

to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq*. Plaintiff was also found to be disabled pursuant to Title II of the Social Security Act (the "Act") and received disability insurance benefits ("DIB"). Due to Plaintiff's receipt of his worker's compensation payments, the Administration notified him that he had been overpaid DIB from April 1, 2009 to April 1, 2012. The Administration originally sought $80,740.10, but this amount was later reduced to $17,430.40. Plaintiff did not (and does not) contest the amount due but instead argued that DOL, rather than the Administration, was responsible for seeking repayment. Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Barbara Dunn on October 7, 2013.

On January 27, 2014, the ALJ determined that the Administration was the appropriate agency to seek recovery of the overpayment. In reaching her decision,[3] the ALJ reviewed 20 C.F.R. § 404.408, which describes when DIB will be reduced due to the payment of other benefits. The ALJ noted that Plaintiff erroneously relied on paragraphs (a)(1) and (b)(1) rather than the applicable subsections, (a)(2) and (b)(2). The ALJ further referred to 5 U.S.C. § 8116(d)(1), finding that the FECA provision explicitly defers to the Act for reduction of DIB when a person is also receiving worker's compensation benefits pursuant to the FECA. Finally, the ALJ determined that Plaintiff's reliance on a policy publication from the Administration and the OWCP handbook was misplaced since those authorities did not refer to the receipt of disability benefits.[4]

On August 14, 2015, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's ruling the final decision of the Commissioner. This appeal followed.

In reviewing a final decision of the Commissioner, the Court exercises plenary review over legal issues. *Matthews v. Apfel*, 239 F.3d 589, 591 (3d Cir. 2001). An ALJ's findings, including credibility determinations, must be upheld if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted). Such evidence is less than a preponderance but more than a mere scintilla. *Id.* The Court reviews the record as a whole to determine whether an ALJ's finding is supported by substantial evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

Since this matter solely concerns a legal question, it is subject to plenary review by the Court. On appeal, Plaintiff raises essentially the same legal citations to support his argument that

---

[3] The entire administrative record can be found at D.E. 12 & 12-1. The ALJ's opinion is located at D.E. 12 at 12-19, while the hearing transcript can be found at D.E. 12-1 at 86-129.

[4] The ALJ also analyzed Plaintiff's claims for a waiver of overpayment. The ALJ found that Plaintiff was without fault but denied a waiver because Plaintiff did not need substantially all of his current income to meet his ordinary and necessary living expenses and because recovery of the overpayment was not against equity and good conscience. Plaintiff does not appeal this portion of the ALJ's decision. D.E. 16 at 1 (under the heading "Statement of Issues Presented for Review," indicating that the only issue on appeal is which agency – the DOL or the Administration – has the right to collect the overpayment)

DOL, rather than the Administration, is responsible for collecting the overpayment. D.E. 16 at 18, 20, 22-25.  Plaintiff also now characterizes himself as being caught between DOL and the Administration (and included a caricature to emphasize his point), as both agencies allegedly seek repayment from him.  D.E. 16 at 11, 13-14, 29.[5]  Yet Plaintiff has offered no proof that DOL has sought any recovery of overpayment from him.  Plaintiff also asks the Court to consider new evidence, a letter from DOL, in support of his position.  D.E. 16 at 20, 26.   The letter, however, supports the view of the Commissioner.

Plaintiff claims that DOL is the "sole authority" to administer the offset at issue here pursuant to 5 U.S.C. § 8116(d).  D.E. 16 at 18, 27.  A plain reading of the statute, however, undercuts Plaintiff's contention.  As noted, FECA is found at 5 U.S.C. § 8101 *et seq.*  Section 8116 is entitled, "Limitations on right to receive compensation."  Subsection (d) of Section 8116 provides as follows:

> (d) Notwithstanding the other provisions of this section, an individual receiving benefits for disability or death under this subchapter who is also receiving benefits under subchapter III of chapter 84 of this title or benefits under title II of the Social Security Act shall be entitled to all such benefits, except that--
>
> (1) benefits received under section 223 of the Social Security Act (on account of disability) shall be subject to reduction on account of benefits paid under this subchapter pursuant to the provisions of section 224 of the Social Security Act; and
>
> (2) in the case of benefits received on account of age or death under title II of the Social Security Act, compensation payable under this subchapter based on the Federal service of an employee shall be reduced by the amount of any such social security benefits payable that are attributable to Federal service of that employee covered by chapter 84 of this title. However, eligibility for or receipt of benefits under chapter 84 of this title, or benefits under title II of the Social Security Act by virtue of service covered by chapter 84 of this title, does not affect the right of the employee to compensation for scheduled disabilities specified by section 8107(c) of this title.

Subsection (d)(1) applies to the current matter as Plaintiff is receiving disability benefits. Section 223 of the Act, 42 U.S.C. § 423, applies to DIB.  Section 224 of the Act, 42 U.S.C. § 424a, concerns the reduction of disability benefits.  Thus, by the express language of the statute, when a FECA beneficiary is also entitled to DIB, the FECA defers to the Act's provisions for the reduction

---

[5] Plaintiff goes so far as to claim that he is merely seeking a "final resolve (sic) of the feud within these two independent US Governmental Bodies and the elimination of confusion caused by misinformation." D.E. 16 at 29.  The Court understands Plaintiff to be referring to a "feud" between DOL and the Administration.  The Court, however, has seen no actual proof of any disagreement, much less a feud, nor has the Court observed any "misinformation."

3

of benefits and any overpayment is recovered by the Administration. Subsection (d)(2) of Section 8116, which is not applicable to the current matter, indicates that DOL, rather than the Administration, will reduce the amount it pays on account of Social Security compensation. This subsection applies to benefits received on account of "age or death," rather than disability.

      Plaintiff also cites to 20 C.F.R. § 404.408. However, as the ALJ correctly noted, Plaintiff relies on the wrong sections of the regulation. Subsection (a)(1) (and as a result, subsection (b)(1)) applies to an individual who became "entitled to disability insurance benefits after 1965 but before September 1981 based on a period of disability that began after June 1, 1965, and before March 1981[.]" 20 C.F.R. § 404.408(a)(1). Since Plaintiff became disabled in October 2008, the subsection does not apply. Instead, (a)(2) does as it covers disabilities occurring after the dates in subsection (a)(1). Subsection (b)(2), which works in conjunction with subsection (a)(2), denotes when a reduction of disability benefits is not made. Yet, neither exception, (b)(2)(i) or (b)(2)(ii),[6] applies in this case. Plaintiff's reading of Section 404.408(b)(2), D.E. 16 at 20, 25, is mistaken.

      In addition, as raised before the ALJ, Plaintiff points to Administration policy publications and OWCP's procedural manual. D.E. 16 at 22-24. Plaintiff points to the Administration's Program Operations Manual System ("POMS") RS 00605.320, which addresses "FERS/FECA Offset." As the ALJ correctly noted, the provision addresses a "concurrent Social Security retirement or survivor benefit," not the disability benefits that Plaintiff is receiving. Plaintiff argues that the ALJ erred in reviewing the particular POMS "individually" and that doing so "does not reveal the true intent of either the SSA Act or the FECA." D.E. 16 at 23. Yet, Plaintiff then cites to POMS RS 00605.300, which also explicitly supports the ALJ's decision. That provision, as relating to the FERS/FECA offset, provides in relevant part that "[t]his is an offset of the FERS/FECA benefit paid by the Department of Labor (DOL) when the beneficiary (including

---

[6] Subsection (b)(2) indicates that

> The reduction of a benefit otherwise required by paragraph (a)(2) of this section is not to be made if:
>   (i) The law or plan under which the periodic public disability benefit is payable provides for the reduction of that benefit when anyone is entitled to a benefit under title II of the Act on the basis of the earnings record of an individual entitled to a disability insurance benefit under section 223 of the Act and that law or plan so provided on February 18, 1981. (The reduction required by paragraph (a)(2) of this section will not be affected by public disability reduction provisions not actually in effect on this date or by changes made after February 18, 1981, to provisions that were in effect on this date providing for the reduction of benefits previously not subject to a reduction); or
>   (ii) The benefit is a Veterans Administration benefit, a public disability benefit (except workers' compensation) payable to a public employee based on employment covered under Social Security, a public benefit based on need, or a wholly private pension or private insurance benefit.

20 C.F.R. § 404.408(b)(2).

auxiliaries and survivors) also receives a Social Security retirement or survivor benefit. *It does not apply if the Social Security benefit is based on a disability claim.*" POMS RS 00605.300 (emphasis added).  In short, Plaintiff's further authority only serves to strengthen the Commissioner's position.  Plaintiff also cites to POMS DI 52101.001.  This provision likewise supports the Commissioner's position as it explicitly indicates that "DIB may be reduced, or totally offset, if the disabled worker is also entitled to" federal workers' compensation payments, as is Plaintiff. POMS DI 52101.001.  Plaintiff's argument concerning the "OWCP Procedure Manual" similarly fails for the reasons stated by the ALJ.

As noted, Plaintiff also asks that the Court consider a November 18, 2014 letter from DOL's Division of Federal Employees' Compensation.  The Court does not have authority to consider such new evidence but could remand the matter to the Commissioner pursuant to what is commonly called "Sentence Six" of 42 U.S.C. § 405(g).  Pursuant to Sentence Six, the Court can remand the matter for the Commissioner to consider new and material evidence if there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  The letter in question is not material for it does not address the issue in this matter.  The question in this case concerns the payment of disability benefits.  The letter refers to social security benefits attributed to federal "service as an employee under the Federal Employee Retirement System (FERS)."  The November 18, 2014 letter refers to the retirement system for certain federal employees, not disability benefits.  As such, it has no bearing on the issue before the Court.

The Court **AFFIRMS** the Commissioner's final decision, and the Clerk shall serve a copy of this opinion and order on Plaintiff by certified mail return receipt.

**SO ORDERED.**

> *s/ John Michael Vazquez*_____
> **JOHN MICHAEL VAZQUEZ**
> UNITED STATES DISTRICT JUDGE